# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEMERE GUILLORY,<br><br>                           Petitioner,<br>v.<br>KELLY SANTORO, Warden,<br><br>                          Respondent. | Case No.: 17cv2084-CAB-BGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 19]; REJECTING PETITIONER'S OBJECTIONS [Doc. No. 25]; DENYING PETITION [Doc. No. 1]; AND DENYING CERTIFICATE OF APPEALABILITY** |

On October 5, 2017, Petitioner Jemere Guillory ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1.] On February 12, 2018, Respondent filed an answer to the petition and lodged the state court record. [Doc. Nos. 13, 14.] On March 22, 2018, Petitioner filed a traverse. [Doc. No. 17.]

On December 5, 2018, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("Report"), recommending that the Court deny the Petition. [Doc. No. 19.] On February 14, 2019, Petitioner filed objections to the Report. [Doc. No. 25.]

Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects

Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

# BACKGROUND

## I. Factual Background

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts. As Judge Skomal correctly noted, the Court presumes state court findings of fact to be correct.

## II. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

## III. Federal Procedural Background

On October 5, 2017, Petitioner filed a Petition for Writ of Habeas Corpus challenging his San Diego County Superior Court conviction. [Doc. No. 1.] On February 12, 2018, Respondent filed an Answer to the Petition, and lodged portions of the state court record. [Doc. Nos. 13 and 14.] On March 22, 2018, Petitioner filed a Traverse. [Doc. No. 17.]

On December 5, 2018, Magistrate Judge Bernard G. Skomal issued a Report recommending that the petition be denied. [Doc. No. 19.] On February 14, 2019, Petitioner filed Objections to the Report. [Doc. No. 25.] In his filing, Petitioner objects to the magistrate judge's "factual and legal conclusions" regarding claims 1 and 3. [Doc. No. 25 at 1.] Petitioner also requests an evidentiary hearing. [Doc. No. 25 at 3.] Because Petitioner has objected to the findings regarding two out of the three claims, the Court

reviews the Report *de novo.* 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

# DISCUSSION

## I. Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

## II. Analysis of Petitioner's Claims.

Petitioner raises three claims in his Petition: (1) his Sixth Amendment right to a public trial was violated when his family was allegedly excluded from the courtroom during *voir dire*; (2) his Fourth Amendment rights were violated when the police unlawfully searched his home and used the evidence during trial; and (3) there was insufficient evidence of a disfiguring injury to support his mayhem conviction. [Doc. No. 1 at 6-8.]

### A. Claim One: Sixth Amendment Right to Public Trial.

Petitioner argues he was denied his Sixth Amendment right to a public trial because his family members were excluded from the courtroom during *voir dire*. [Doc. No. 1 at 14-18.] As Magistrate Judge Skomal correctly noted, this claim is procedurally barred because the state court decision on this claim relied on an independent and adequate state procedural ground and Petitioner failed to show cause for the default. [Doc. No. 19 at 13.] In his objections, Petitioner merely states that he "objects to the court's analysis and conclusions regarding procedural default," but does not explain why the magistrate judge's analysis is wrong. [Doc. No. 25 at 2.] This Court has made a *de novo* review and finds that Petitioner's claim is procedurally barred from federal habeas review.[1]

### B. Claim Two: Fourth Amendment Rights.

In his Petition, Petitioner argued the search of his residence and trial court's denial of suppression of the evidence obtained in that search violated the Fourth Amendment. [Doc. No. 1 at 19-28.] However, in his Traverse, Petitioner admitted that the claim was barred by *Stone v. Powell*, 428 U.S. 465 (1976). As a result, Magistrate Judge Skomal recommended that habeas relief be denied on this claim. Petitioner does not object to this

---

[1] In his Traverse, Petitioner requests an evidentiary hearing with regard to claim one. [Doc. No. 17 at 2.] However, given that the claim is procedurally barred, the request for an evidentiary hearing is **DENIED**.

4

finding. This Court has made a *de novo* review and finds that Petitioner's claim should be denied.

C. Insufficient evidence of Mayhem.

Petitioner argues the evidence was not sufficient to support his conviction for mayhem as to the permanent disfigurement element because the testimony concerning the victim's ongoing problems with his leg at the time of trial should be interpreted as being related to things other than being shot. [Doc. No. 1 at 25 - 28.] However, as pointed out by Magistrate Judge Skomal, while there was some conflicting evidence on this issue, there was sufficient evidence presented upon which the jury could have based its conclusion that the victim's injury from the gunshot persisted for almost two years. [Doc. No. 19 at 19.] Thus, Petitioner has not met his burden under *Jackson v. Virginia* because "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found" the permanent disfigurement element "beyond a reasonable doubt." 443 U.S. 307, 319 (1979). In his objections, Petitioner merely states that he "objects to the courts conclusion as to the claim," but does not explain why the magistrate judge's analysis is wrong. [Doc. No. 25 at 3.] This Court has made a *de novo* review and finds that Petitioner's claim should be denied.

# CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not

made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court hereby: (1) **ADOPTS** the Report in full; (2) **REJECTS** Petitioner's objections; (3) **DENIES** the Petition for Writ of Habeas Corpus; and (4) **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

Dated: February 25, 2019

Hon. Cathy Ann Bencivengo
United States District Judge