UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEMERE GUILLORY,<br><br>                    Petitioner,<br><br>v.<br><br>KELLY SANTORO, Warden,<br><br>                    Respondent. | Case No.:  17cv2084-CAB-BGS<br><br>**ORDER DENYING REMAINING SIXTH AMENDMENT CLAIM, GRANTING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE** |

On October 5, 2017, Petitioner Jemere Guillory ("Petitioner"), a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1.] On February 25, 2019, this Court issued an order denying the petition, and judgment was entered accordingly.  [Doc. Nos. 27, 28.] On July 1, 2022, the Ninth Circuit Court of Appeal issued a decision vacating this Court's judgment and remanding for further proceedings. *Guillory v. Allen*, 38 F.4th 849 (9th Cir. 2022). Specifically, the Ninth Circuit ruled that Petitioner's Sixth Amendment right to a public trial claim that was presented on direct appeal is not procedurally defaulted, and remanded **that claim only** to this Court to consider whether the state appellate court's rejection on direct appeal of the properly exhausted claim provides any basis for federal habeas relief under § 2254, as amended by the Antiterrorism and

Effective Death Penalty Act.  For the reasons set forth below, the Petitioner's Sixth Amendment right to a public trial claim that was presented on direct appeal is **DENIED**.

## PROCEDURAL BACKGROUND

In the original petition, Petitioner asserted the following claims:  (1) his Sixth Amendment right to a public trial was violated when his family was allegedly excluded from the courtroom during voir dire; (2) his Fourth Amendment rights were violated when the police unlawfully searched his home and used the evidence during trial; and (3) there was insufficient evidence of a disfiguring injury to support his mayhem conviction. [Doc. No. 1.]  On February 12, 2018, Respondent filed an answer to the petition and lodged the state court record. [Doc. Nos. 13, 14.]  On March 22, 2018, Petitioner filed a traverse. [Doc. No. 17.] On December 5, 2018, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("Report"), recommending that the Court deny the Petition. [Doc. No. 19.]  Specifically, the Report recommended that the Sixth Amendment claim be denied on the basis that it was procedurally defaulted, and did not address the merits of the Sixth Amendment claim. [Doc. No. 19 at 13.]  The Report recommended that the other two claims be denied on the merits.  [Doc. No. 19 at 13-19.] On February 25, 2019, this court issued an order adopting the Report and denying the petition.  [Doc. No. 27.]  Judgment was entered accordingly.  [Doc. No. 28.]

On July 1, 2022, the Ninth Circuit Court of Appeal issued a decision vacating this Court's judgment and remanding for further proceedings. *Guillory,* 38 F.4th at 849. Specifically, the Ninth Circuit ruled that Petitioner's Sixth Amendment right to a public trial claim that was presented on direct appeal is not procedurally defaulted, and remanded **that claim only** to this Court to consider whether the state appellate court's rejection on direct appeal of the properly exhausted claim provides any basis for federal habeas relief under § 2254, as amended by the Antiterrorism and Effective Death Penalty

Act.[1]  On July 25, 2022, this Court issued a minute order spreading the mandate and allowing the parties to file supplemental briefing on the remaining Sixth Amendment claim.  [Doc. No. 35.]  On August 25, 2022, Respondent filed a supplemental brief. [Doc. No. 42.] On August 26, 2022, Petitioner filed a supplemental brief.  [Doc. No. 43.]

## STANDARD OF REVIEW

A federal court may grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in state court only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court ruling is contrary to clearly established federal law if the state court either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. To be an unreasonable application of Supreme Court precedent, the state court's decision must be objectively unreasonable. *Lockyear v. Andrade*, 538 U.S. 63, 69 (2003). If the state court's decision is simply "incorrect or erroneous", then federal courts should refrain from re-evaluating the state court's application of federal law. *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005).

In determining whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume

---

[1] The other two claims in the Petition were not at issue in the appeal [*Guillory*, 38 F.4th at 854, n. 3] and, therefore, are no longer at issue in this Petition.

that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When applying these standards, a federal habeas court reviews the "last reasoned decision by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

# DISCUSSION

A.  Sixth Amendment Claim.

Petitioner claims that his Sixth Amendment right to a public trial was violated by the trial court's exclusion of his family members from the voir dire portion of his trial. [Doc. No. 1 at 6, 14-18.] Respondent contends that the state appellate court reasonably rejected the claim as meritless, and Petitioner is unable to demonstrate the state court's rejection as contrary to, or premised on an unreasonable application of, clearly established Supreme Court authority. [Doc. No. 13-1 at 11 – 17; Doc. No. 42.]

Petitioner first raised this issue in his direct appeal, claiming that his family members were excluded from the courtroom during voir dire. [Lod. 3 at 19-29.] The state appellate court rejected this contention, finding that no evidence in the record supported it and, even if Petitioner's family or friends had been momentarily excluded from the voir dire process for purposes of accommodating the prospective jurors during jury selection, that exclusion was "de minimis," such that Petitioner's right to a public trial was not violated. [Lod. 6 at 10-14.] Specifically, the state appellate court ruled as follows:

> A. Right to a Public Trial
> 1. Additional Background
> Before a jury was empanelled in this case, the record shows the following exchange took place between defense counsel and the court concerning defendant's family members and their attendance in the courtroom:
> "[Defense counsel]: Your Honor, just so you know, too, your bailiff has been so -- so kind to allow family members of my client to come in previously. I'm going to hope that there will be no future issue at all.

4

"THE COURT: Well . . . first of all, during the jury selection, we're just not going to have room for them because the court is going to be full of prospective jurors. But once -- certainly once we get the jury selected, they'll be free to be here. As long as -- I think the bailiff did have a little -- had to talk a little bit with one of the family members the other day. But I think hopefully that was effective and that won't be -- won't be a problem. [¶] But, no, same rule. As long as they follow the rules and don't cause any problem, they're welcome to be here. I say, not during the jury selection because we just don't have room for them."

The record shows at 11:34 a.m., 60 potential jurors entered the courtroom. After being admonished, the jurors were excused at 12:01 p.m. At 1:34 p.m., the court reconvened, read the charging portion of the information and pre-instructed the prospective jurors in the law applicable to this case. Voir dire then began until 3:00 p.m., when the court was again in recess. The court reconvened at 3:17 p.m. and voir dire continued until 4:08 p.m., when the prospective jurors were admonished and excused for the day.

The record shows the following day voir dire did not resume until 9:59 a.m. At 10:59 a.m., the prospective jurors were excused while the court conducted individual voir dire of three prospective jurors. At 11:11 a.m., upon the court's inquiry, the bailiff informed the court and counsel of a "disruption in the audience." The record does not explain the nature of the disruption. However, when the court reconvened at 11:27 a.m., it admonished the prospective jurors not to speak with anyone, stating as follows:

"Continue to abide by the admonitions not to talk to anyone else under any circumstances; allow anyone to talk to you about the case itself; not to seek any information from any outside sources, electronic, social media, written sources; talking to anybody, whatever those sources might be about any matter related to the case; and, maintain your distance.

"There are some folks here who have an interest in the case. And they have a right to be here in or about the courtroom. But I think you recognize who they are. And don't have any contact with them. Don't let them have any contact with you. I'm not suggesting they [don't] have a right to be here and they haven't done anything improper. But just to maintain some distance from them so you don't inadvertently overhear what they might be discussing which may have something to do with the case or [defendant] but won't be any part of the evidence upon which you have to base your finding.

"So think about serving as a juror. Think about what we're talking about here. But keep those thoughts to yourselves."

The record shows that the prospective jurors were admonished and excused at 11:45 a.m.; that the court ruled on two motions and went into

recess at 12:04 p.m.; that the court reconvened at 1:38 p.m.; and that a jury was selected by 3:04 p.m.

2.  Governing Law and Analysis

A criminal defendant has a constitutional right to "a trial which is open to the general public at all times." (*People v. Woodward* (1992) 4 Cal.4th 376, 382 (*Woodward*).) The public, too, has a right to an open trial. (*People v. Esquibel* (2008) 166 Cal.App.4th 539, 552.) Openness "enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." (*Press–Enterprise Co. v. Superior Court of Cal.* (1984) 464 U.S. 501, 508.) A public trial helps keep the court and the triers of fact " 'keenly alive to a sense of their responsibility and to the importance of their functions' " and may also discourage witnesses from committing perjury. (*Woodward*, at p. 385.) The public trial right applies not only to the trial itself, but also to many other court proceedings including, as relevant here, voir dire. (*See Presley v. Georgia* (2010) 558 U.S. 209, 213.)

The record is silent regarding whether defendant's family members were in fact excluded from the courtroom during any part of voir dire. The record suggests that at least with respect to the second day of voir dire, there were people with an "interest" in the case present in the courtroom. However, it is not clear whether these "interest[ed]" people were defendant's family members.

Moreover, the record also is silent regarding whether there was room for any or all of defendant's family members when the 60 prospective jurors initially entered the courtroom and voir dire first began, or the following day as voir dire continued, when prospective jurors were excused throughout the day and when a jury was seated at 3:04 p.m. We note that if defendant's family members were excluded from the courtroom for a short period of time in order to make room for prospective jurors but subsequently were able to reenter—perhaps after a recess, then defendant's right to a public trial under those circumstances may not have been violated. (*See People v. Bui* (2010) 183 Cal.App.4th 675, 680 [holding the temporary exclusion of three individuals for about 40 minutes, "during only a small part of the voir dire of prospective jurors, and not during the evidentiary phase of the trial," was de minimis and thus did not violate a defendant's public trial right]; *see also Owens v. United States*, (1st Cir. 2007) 483 F.3d 48, 62, 66 [concluding the court erred in not holding an evidentiary hearing on the defendant's claim he was denied a right to a public trial when two of his family members submitted affidavits stating they were prohibited from entering the courtroom during voir dire, after the record showed the courtroom was cleared of all spectators to accommodate 72 prospective jurors, and further

concluding the absence of any findings made it impossible to discern whether it was necessary for the courtroom to be cleared to permit the entire jury pool to enter and/or whether members of the public, including the defendant's family members, were allowed to reenter the courtroom as seats opened up once potential jurors were excused].)

Given the lack of any evidence in the record to support defendant's contention that his family members were actually excluded from the courtroom during voir dire or that their exclusion was not de minimis, on this record we reject defendant's contention he was deprived of the right to a public trial by the alleged exclusion of his family members from the courtroom.[2]

[Lod. 6 at 10-14.]

Petitioner also raised his right to public trial claim a second time in a state habeas petition. [Lod. 11 at 3.] However, this claim is procedurally barred. *Guillory*, 38 F.4 at 856.

B. Triviality.

A criminal defendant has the right to a public trial under the Sixth Amendment. "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." *In re Oliver*, 333 U.S. 257, 270 n. 25 (1948). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). "Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 508 (1984).

---

[2] [Footnote in original] "Given our decision, we deem it unnecessary to resolve the People's alternate contention that defendant forfeited his right to challenge this issue because he acquiesced in the court's suggestion that his family members allegedly be excluded from the courtroom to make room for the 60 prospective jurors."

A trial court may "totally close[ ] the courtroom to the public, for a non-trivial duration," when four requirements are met:

> "The party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure."

*United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011) (*quoting Presley v. Georgia*, 558, U.S. 209, 213-15 (2010) ). "[T]he public-trial right extends to jury selection as well as to other portions of the trial." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1906, 198 L.Ed. 2d 420 (2017) (*citing Presley*, 558, U.S. at 213-15).

Under some circumstances, however, a closure of the court may be deemed "trivial" and therefore not a violation of the defendant's right to public trial. *See United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012). In assessing triviality, the Court "must determine whether the closure involved the values that the right to a public trial serves." *United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003). These values include: ensuring fair proceedings; reminding the prosecutor and judge of their grave responsibilities; discouraging perjury; and encouraging witnesses to come forward. *See id.*

Here, there is no indication the trial court complied with the *Press-Enterprise* and *Waller* requirements for a non-trivial closure.  Therefore, the question is whether the closure was trivial such that it was not a violation of Petitioner's right to public trial. *Rivera*, 682 F.3d at 1229.

First, while Petitioner claims that his family members were excluded from the entire voir dire process, the record is not clear this is what occurred.  While there was some discussion initially about excluding family members to make room for the jury panel, Petitioner's attorney did not object and there is no record such exclusion occurred. Moreover, the record reflects that on the second day of voir dire, there was a "disruption" that may have involved family members, thus indicating they were not excluded at that

point. Nevertheless, even if family members were excluded from the entire voir dire process, they were not excluded from the beginning of the trial, nor from the evidentiary phase of the proceedings. In addition, Petitioner's trial counsel did not object to the exclusion, and there is no indication in the record of any other concerns. Therefore, the closure was trivial. *Weaver v. Massachusetts*, __ U.S. ___, 137 S. Ct. 1899 (2017).

In *Weaver*, in the context of an ineffective assistance of counsel claim, the Supreme Court ruled that the trial court's short closure of the defendant's trial to the public, during voir dire process, did not create reversible error because "[t]he closure was limited to the jury voir dire; the courtroom remained open during the evidentiary phase of the trial; the closure decision apparently was made by court officers rather than the judge; there were many members of the venire who did not become jurors but who did observe the proceedings; and there was a record made of the proceedings that does not indicate any basis for concern, other than the closure itself." *Id*. at 1913. Similarly here, Petitioner's right to public trial was not violated because the closure was limited (according to Petitioner) only to voir dire, the courtroom remained open during the evidentiary phase, presumably many members of the venire who did not become jurors did observe the proceedings, Petitioner's trial counsel did not object, and the record does not indicate any basis for concern other than the closure. *See also United States v. Dharni*, 738 F.3d 1186, *reh'g granted and opinion vacated*, 757 F.3d 1002 (9th Cir. 2014)(district court's request that family members and other spectators go out to the hall during voir dire until seats became available was at most a trivial closure that does not implicate the Sixth Amendment). Accordingly, the state court's rejection of Petitioner's claim was not contrary to or based on an unreasonable application of clearly established United States Supreme Court authority as required under 28 U.S.C. §2254(d).

C. Waiver.

Even if a court fails to comply with the *Press–Enterprise* and *Waller* requirements for a non-trivial closure and the closure is not trivial, "[t]he right to a public trial can also be waived." *United States v. Cazares*, 788 F.3d 956, 971 (9th Cir. 2015), *cert. denied*,

136 S. Ct. 2484 (2016) (*citing Levine v. United States*, 362 U.S. 610, 619 (1960)).  A defendant who fails to object to a courtroom closure waives the right to a public trial and can only raise his claim via an ineffective assistance argument.  *Weaver*, 137 S. Ct. at 1912.  Here, Petitioner's trial counsel never objected in the trial court to the closure of the courtroom.  As a result, the record failed to illuminate whether and to what extent the courtroom may have been closed to family and friends during voir dire.  Given the lack of objection at the trial court, Petitioner has waived his right to a public trial.  *See Cazares*, 788 F.3d at 971; *Levine*, 362 U.S. at 619 (holding defendant waived public-trial right by failing to object to closing of courtroom).  Accordingly, the state court's rejection of Petitioner's claim was not contrary to or based on an unreasonable application of clearly established United States Supreme Court authority as required under 28 U.S.C. §2254(d).

D. Certificate of Appealability.

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, while this Court finds there was no constitutional violation and, even if there was, it was waived, the Court recognizes that reasonable jurists may disagree on whether the alleged violation was trivial and/or waived. Accordingly, the Court **GRANTS** a certificate of appealability.

/ / / / /

/ / / / /

/ / / / /

## CONCLUSION

For the reasons set forth above, the remaining Sixth Amendment right to public trial claim is **DENIED**, and a certificate of appealability is **GRANTED**. The Clerk of Court shall **CLOSE** the case.

**IT IS SO ORDERED.**

Dated:  December 1, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge